UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| INTERSCOPE RECORDS, a California general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAVA RECORDS LLC, a Delaware limited liability company; LOUD RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company, Plaintiffs, v. DOES 1-12, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:08-cv-187 |

Opinion and Order

This matter is before the court on defendant Doe 1's Motion to Quash Subpoena [DE 11] and a Memorandum of Law in Support filed August 13, 2008, and the plaintiffs' Motion for Extension of Time to Effectuate Service [DE 21] filed October 20, 2008. For the following reasons, the Motion to Quash Subpoena is **DENIED**, and the Motion for Extension of Time is **GRANTED**.

Background

Plaintiffs are record companies who sued twelve Doe defendants for copyright infringement. The case has been dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) for eleven of the unnamed defendants, leaving only the one unidentified Doe defendant to answer the complaint. Plaintiffs allege that the Doe defendant used an online media distribution system (e.g., a peer-to-peer or "P2P" system) to download plaintiffs' copyrighted works and/or distribute copyrighted works to the public without authorization. Although plaintiffs do not know the true name of the remaining Doe defendant, plaintiffs have identified the Doe defendant by a unique Internet Protocol ("IP") Address assigned to that defendant on the date and at the time of that defendant's allegedly infringing activity. Plaintiffs assert that they have identified the Internet Service Provider ("ISP") that provided Internet access to each Doe defendant by using a publicly available database. Based on that information, plaintiffs have determined that the ISP in this case is Purdue University. Plaintiffs further represent that when given a defendant's IP address and the time and date of infringing activity, an ISP quickly and easily can identify the name and address of the Doe defendant by referring to the ISP's activity log files. Without this information, plaintiffs aver they will be unable to prosecute their claims or protect their copyrighted works from future infringement.

On July 3, 2008, this court granted plaintiffs' request to serve immediate discovery on Purdue University, the third party ISP, in the form of a Rule 45 subpoena. Plaintiffs seek documents and electronically stored information sufficient to identify the defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. On August 13, 2008, defendant Doe through counsel requested this

court quash the subpoena, arguing that the Complaint does not allege a *prima facie* claim of copyright infringement, has not shown that any act of infringement occurred, and that defendant Doe's right to privacy should be preserved.[1]

Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it ... requires disclosure of privileged or other protected material and no exception or waiver applies." Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." ***Hodgdon v. Northwestern University***, 245 F.R.D. 337, 341 (N.D.Ill., 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See* ***Stock v. Integrated Health Polan, Inc***., 241 F.R.D. 618, 621-622 (S.D. Ill. 2007); ***Syposs v. United States***, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp***., 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978)). Even when information is not

---

[1] How the remaining Doe defendant was alerted to the impending litigation and knew to garner counsel is a mystery, but counsel apparently represents the user identified by IP address as Doe #1. Hiring an attorney to quash the subpoena seems extremely costly compared to simply paying for Jay-Z's "Girls, Girls, Girls," Sisqo's "Thong Song," Chingy's "Balla Baby," and the six other songs Doe allegedly copied, but neither Doe's taste in music nor his financial acumen is at issue here.

3

directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc*., 214 F.R.D. 496, 502 (S.D. Ind. 2003).

Here, there is no question that the identity of the Doe defendant is relevant to the claims. Rather, Doe argues that the plaintiff record companies have not alleged "distribution" of copyrighted materials. None of the caselaw cited in support of Doe's position appears to be on point, nor are the cites specific in regards to which portion of the cases Doe is hoping that the court will find beneficial to his argument. Review of the cases reveals nothing supporting Doe's theory, just a string cite presumably in support of the theory that having copyrighted materials on a computer is not a "distribution" of material. Doe expounds no further, giving neither pinpoint cites nor parenthetical explanations, and none of the cited authority involves P2P technology or can be reliably applied to that point of law. In fact, caselaw supports the proposition that making a digital file available to others on a P2P platform is the equivalent of copying and/or distributing for copyright purposes. *See, e.g., **A & M Records, Inc. v. Napster***, 239 F.3d 1004, 1014 (9th Cir. 2001)("[U]sers who upload file names to the search index for others to copy violate plaintiffs' distribution rights."); ***Warner Bros. Records Inc. v. Hentz***, 2007 WL 2481289 at *3 (S.D. Ill. 2007)(finding that users of online music distribution systems are "direct infringers") (citing ***Metro-Godwyn-Mayer Studios Inc. v. Grokster, Ltd.***, 545 U.S. 913, 919-30 (2005)).

Doe's assertion that the use of anonymous defendants is disfavored is also off point: the case cited involves parties *requesting* anonymity in the courts for privacy reasons. Here, the pseudonym was given because the identity of the defendant is unknown. The plaintiff record companies are correct that Doe's First Amendment right to engage in protected speech through a

4

false name is lost when Doe infringes on copyrights.  *See, e.g.,* **Arista Records LLC v. Does 1-19**, 551 F. Supp. 2d 1, 8 (D.D.C. 2008)(holding that record companies' need for disclosure from ISP of names, addresses, telephone numbers, email address and Media Access Control addresses of unidentified defendants who had allegedly downloaded and distributed copyrighted recordings outweighed any First Amendment grounds and *refusing to quash, on First Amendment grounds, companies' subpoena seeking such information from ISP)*(emphasis added)(citing **Fonovisa, Inc. v. Does 1-9**, 2008 WL 919701 (W.D. Pa. 2008); **Sony Music Entm't Inc v. Does 1-40**, 326 F. Supp. 2d 556 (S.D.N.Y. 2004); and **Arista Records LLC v. Does 1-11**, Civ. A. No. 07-568 (W.D. Okla. Nov. 14, 2007)); **A & M Records v. Napster, Inc.**, 239 F.3d 1004, 1028 (9th Cir. 2001)(holding that the First Amendment does not protect use of a P2P file sharing network that constitutes copyright infringement).

The court already has ordered the issuance of a subpoena to reveal the real party in interest in an attempt to protect plaintiffs' rights under the Copyright Act.  Doe's argument that the court must demand evidence that a defendant has engaged in wrongful conduct fails when compared to the plaintiffs' rights.  The exhibits that plaintiffs filed with their original discovery motion fulfill that scrutiny because the IP addresses have traced the users and reveal the necessary distribution of copyrighted music recordings.  The remaining Doe defendant has not carried the burden by showing privilege or undue burden.

Due to time elapsed in briefing and ruling on the Motion to Quash, the plaintiffs' Motion for Extension of Time is **GRANTED**, allowing plaintiffs an additional sixty (60) days from the entry of this order to serve the remaining Doe defendant with the Summons and Complaint.

_____

For the foregoing reasons, the Doe Defendant's Motion to Quash Subpoena [DE 11] filed on August 13, 2008, is **DENIED**, and the plaintiffs' Motion for Extension of Time to Effectuate Service [DE 21] filed on October 20, 2008, is **GRANTED**.

ENTERED this 14th day of November, 2008

/s/ Andrew P. Rodovich
United States Magistrate Judge